The Honorable Mark A. Ober State Attorney, Thirteenth Judicial Circuit 800 East Kennedy Boulevard, 5th Floor Tampa, Florida 33602-4148 Attention: Nicholas G. Matassini, Assistant State Attorney
Dear Mr. Ober:
You ask the following question:
 May a "chamber of commerce," designated as a 26 United States Code 501(c)(6) organization, conduct a raffle or drawing by chance pursuant to section 849.0935, Florida Statutes?
Section 849.09, Florida Statutes, makes it unlawful for any person in this state to promote or conduct a lottery for money or anything of value. Section 849.0935(2), Florida Statutes, however, states:
 "The provisions of s. 849.09 shall not be construed to prohibit an organization qualified under 26 U.S.C. s. 501(c)(3), (4), (7), (8), (10), or (19) from conducting drawings by chance pursuant to the authority granted by this section, provided the organization has complied with all applicable provisions of chapter 496."[1]
Section 849.0935, Florida Statutes, thus constitutes a limited exception from the general prohibition against gambling in this state by authorizing some, but not all, 501(c) organizations to conduct drawings by chance subject to the conditions and limitations prescribed therein.[2] A chamber of commerce qualified under 26 U.S.C. 501(c)(6), however, is not among those organizations listed in section 849.0935, Florida Statutes, as authorized to conduct drawings by chance.[3]
It is a principle of statutory construction that when the controlling law directs how a thing is to be done, that is, in effect, a prohibition against its being done in any other way.[4] Since section 849.0935, Florida Statutes, does not include a chamber of commerce qualified under26 U.S.C. 501(c)(6), among those authorized to conduct drawing by chance, a chamber of commerce would not be qualified to conduct a raffle or drawing by chance pursuant to section 849.0935, Florida Statutes.
Section 849.0931, Florida Statutes, relating to bingo games, however, contains a broader exception for charitable, nonprofit, or veterans' organizations to conduct bingo games. The statute is not limited to only some 501(c) organizations but authorizes any 501(c) organization to conduct bingo games as prescribed by the statute, provided such organization is engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar activities, and has been in existence and active for a period of 3 years or more.[5] Thus, a chamber of commerce qualified under 26 U.S.C. 501(c)(6) and meeting the other criteria of section 849.0931, Florida Statutes, would be authorized to conduct bingo games as set forth therein.
Accordingly, I am of the opinion that a chamber of commerce qualified under 26 U.S.C. 501(c)(6) is not authorized by section 849.0935, Florida Statutes, to conduct raffles or drawings by chance, but may pursuant to section 849.0931, Florida Statutes, conduct bingo games, provided such organization is engaged in charitable, civic, community, benevolent, religious, or scholastic works or other similar activities, and has been in existence and active for a period of 3 years or more.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] And see s. 849.0935(1)(b), Fla. Stat., defining an "[o]rganization" as one that is "exempt from federal income taxation pursuant to 26 U.S.C. s. 501(c)(3), (4), (7), (8), (10), or (19), and which has a current determination letter from the Internal Revenue Service, and its bona fide members or officers." See also s. 849.0935(1)(a), Fla. Stat. defining "[d]rawing by chance" or "drawing" as "an enterprise in which, from the entries submitted to the public to the organization conducting the drawing, one or more entries are selected by chance to win a prize."
[2] See 26 U.S.C. 501(c)(3), (4), (7), (8), (10) and (19), which respectively provide:
 "(3) Corporations, and any community chest, fund, or foundation, organized and operated exclusively for religious, charitable, scientific, testing for public safety, literary, or educational purposes, or to foster national or international amateur sports competition (but only if no part of its activities involve the provision of athletic facilities or equipment), or for the prevention of cruelty to children or animals, no part of the net earnings of which inures to the benefit of any private shareholder or individual, no substantial part of the activities of which is carrying on propaganda, or otherwise attempting, to influence legislation (except as otherwise provided in subsection (h)), and which does not participate in, or intervene in (including the publishing or distributing of statements), any political campaign on behalf of (or in opposition to) any candidate for public office.
(4) Civic leagues or organizations not organized for profit but operated exclusively for the promotion of social welfare, or local associations of employees, the membership of which is limited to the employees of a designated person or persons in a particular municipality, and the net earnings of which are devoted exclusively to charitable, educational, or recreational purposes [provided no part of the net earnings of such entity inures to the benefit of any private shareholder or individual].
* * *
(7) Clubs organized for pleasure, recreation, and other nonprofitable purposes, substantially all of the activities of which are for such purposes and no part of the net earnings of which inures to the benefit of any private shareholder.
(8) Fraternal beneficiary societies, orders, or associations . . . operating under the lodge system or for the exclusive benefit of the members of a fraternity itself operating under the lodge system, and . . . providing for the payment of life, sick, accident, or other benefits to the members of such society, order, or association or their dependents.
* * *
(10) Domestic fraternal societies, orders, or associations, operating under the lodge system . . . the net earnings of which are devoted exclusively to religious, charitable, scientific, literary, educational, and fraternal purposes, and . . . which do not provide for the payment of life, sick, accident, or other benefits.
* * *
(19) A post or organization of past or present members of the Armed Forces of the United States, or an auxiliary unit or society of, or a trust or foundation for, any such post or organization — (A) organized in the United States or any of its possessions, (B) at least 75 percent of the members of which are past or present members of the Armed Forces of the United States and substantially all of the other members of which are individuals who are cadets or are spouses, widows, widowers, ancestors, or lineal descendants of past or present members of the Armed Forces of the United States or of cadets, and (C) no part of the net earnings of which inures to the benefit of any private shareholder or individual."
[3] See 26 U.S.C. 501(c)(6) which refers to "[b]usiness leagues, chambers of commerce, real-estate boards, boards of trade, or professional football leagues (whether or not administering a pension fund for football players), not organized for profit and no part of the net earnings of which inures to the benefit of any private shareholder or individual."
[4] See, e.g., Alsop v. Pierce, 19 So.2d 799, 805 (Fla. 1944);Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] See s. 849.0931(1)(c), Fla. Stat.